# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV353

| | |
|---|---|
| EDWARD WAHLER and KATHY WAHLER, ) ) ) Plaintiffs, ) ) Vs. ) ) BRANCH BANKING AND TRUST ) COMPANY, ) ) Defendant. ) ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's motion for summary judgment. No response has been received from the Plaintiffs and the motion is granted.

## I. PROCEDURAL HISTORY

On March 7, 2002, Branch Banking and Trust Company (BB&T) sued Edward and Kathy Wahler to recover the sum of $473,371.86. The suit stemmed from a check which had been issued from the account of Andex Resources, L.L.C., payable to Petro Hunt L.L.C. The payee of the check,

however, was altered by an unknown individual and Edward Wahler was named as the payee on the altered check. Wahler's wife, Kathy, deposited the check into Wahler's personal business account and thereafter drew on the proceeds. When it was ultimately discovered that the check had been altered, BB&T sued the Wahlers to recover the amount of the check. That suit was initiated in state court on March 7, 2002.

On December 9, 2002, the presiding state court judge granted summary judgment to BB&T and entered judgment in the amount of $448,371.86 plus interest against the Wahlers. On December 20, 2002, the Wahlers' motion to alter or amend the judgment was denied. Thereafter, Edward Wahler filed a *pro se* motion for relief from judgment which was denied on March 24, 2003. BB&T ultimately executed that judgment by seizing and selling real estate owned by the Wahlers.

On April 20, 2004, Edward Wahler, acting again in a *pro se* capacity, sued BB&T and Martin Reidinger, the attorney who had defended him in the previous lawsuit by BB&T, alleging that the altered check had been presented to him by a man who owed him money and that the judgment

obtained by BB&T was champertous.[1]  Although unclear, the only claim against Reidinger appeared to be that he failed to attack the judgment as champertous.  On June 2, 2004, BB&T moved for summary judgment pointing out that the action was barred by *res judicata* principles, and noting that due to an indemnity agreement, BB&T could not be held liable for champerty.  One month later, Gary Triggs suddenly appeared in the action as the Wahlers' attorney, and filed a notice of voluntary dismissal without prejudice.  On January 24, 2006, a state court judge assessed costs against the Wahlers in connection with that lawsuit.

On October 24, 2005, Triggs, on behalf of the Wahlers, initiated a second lawsuit against BB&T and Texas Pacific Indemnity raising the same claims as previously raised in the suit previously dismissed and adding claims of violations of the Fair Debt Collections Act, civil conspiracy and unfair and deceptive trade practices.  The Defendants removed the

---

[1]English common law recognized the crime of champerty pursuant to which an individual would bring suit on the condition of receiving, if successful, a portion of the proceeds sought to be recovered.  **Black's Law Dictionary.**  In the State of North Carolina, it remains a rarely seen civil claim alleging the officious intermedling in a lawsuit whereby a stranger makes a bargain with a plaintiff to carry on a suit at his or her own expense.  ***Daimlerchrysler Corp., v. Kirkhart*, 148 N.C. App. 572, 561 S.E.2d 276 (2002).**

action to this Court on December 2, 2005. The Plaintiffs dismissed Texas Pacific Indemnity on February 22, 2006. BB&T moved for summary judgment on March 1, 2006, and the Plaintiffs have failed to respond.

The Court finds for the reasons stated in the motion for summary judgment that it should be granted.

## II. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for summary judgment is hereby **GRANTED.** A Judgment dismissing this action and awarding costs to the Defendant is filed herewith.

Signed: April 7, 2006

Lacy H. Thornburg
United States District Judge